491 P.2d 233

**Mary HARDING, Plaintiff and Appellant,**

**v.**

**Frank BOHMAN, Defendant and Respondent.**

**No. 12475.**

Supreme Court of Utah.

Nov. 30, 1971.

5. See cases footnotes 1 and 2 above.

440

James L. Barker, Jr., and Leon A. Halgren, Salt Lake City, for plaintiff and appellant.

C. C. Patterson, Ogden, for defendant and respondent.

TUCKETT, Justice:

The plaintiff filed her complaint in the court below seeking to have the court declare a certain strip of land to be a public highway and to permit its use by the public and the plaintiff. The defendant purchased the tract of land in the year 1964, which includes within its boundaries the strip of land here in question. An adjacent tract of land was purchased by the plaintiff in the year 1966.

The record shows that prior to the acquisition of the tracts of land by the plaintiff and the defendant, the strip was used by two sheepmen in trailing their sheep to and from grazing lands used by them. The sheepmen also used the strip in going to and from their herds during the grazing season. In addition thereto there was some occasional use by deer hunters. There was evidence of record which shows that the sheepmen used the strip of land in question with the permission of the owner and that a consideration was paid to the owner for such use. The record also discloses that the road or right-of-way in question was not maintained at public expense.

After a trial was had upon the issues, the court found that evidence failed to show a public dedication of the strip of land in question as a public road and rendered a decision adverse to the plaintiff.[1]

The only other contention made by the plaintiff stems from the fact that at one time a public school was established in the area on approximately seven acres of land, and that the school board had purchased a right-of-way for the installation and maintenance of a water pipe running to the school. At a subsequent time the school board conveyed its interest in the water line and its easement to the Peterson Ward of the L. D. S. Church. At a later date

1. Thompson v. Nelson, 2 Utah 2d 340, 273 P.2d 720; Petersen v. Comba, 20 Utah 2d 376, 438 P.2d 545.

the Church conveyed its interest in the easement and water line, which conveyance included language which might be interpreted as a conveyance to the public. Neither the school board nor the Church could convey a greater interest than they had acquired. The record would indicate that the seven acres, more or less, above mentioned, which was used as a school and a chapel was acquired in its entirety by the State for highway purposes.

We perceive no error in the record and the decision of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.